**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**Civil Action No. 04-155-HRW**

**DWIGHT D. CONLEY, PLAINTIFF,**

**v. MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court, having reviewed the record and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability and disability insurance benefits on March 6, 2003 (Tr. 11), alleging disability beginning on September 12, 1990, due to degenerative disc disease status-post neck injury/cervical laminectomy, myofascial pain syndrome of the cervical, thoracic,

and lumbar spine, and depression (Tr. 12). The application was denied initially and on reconsideration (Tr. 11). On November 21, 2003, Administrative Law Don C. Paris (hereinafter "ALJ") held an administrative hearing (Tr. 11, 18). At the hearing, Plaintiff, accompanied by counsel, testified (Tr. 11), as did Gina Baldwin, a vocational expert (hereinafter "VE") (Tr. 11).

Plaintiff was forty-seven years old at the time of the hearing decision (Tr. 11). He has a 12th grade education (Tr. 11). His past relevant work experience consists of work as a boilermaker in 1990 (Tr. 11). Plaintiff met the disability insured status requirements under the Act through December 31, 1995 (Tr. 12).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 23, 2004, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled (Tr. 18). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability on September 12, 1990 (Tr. 12). The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease status-post neck injury/cervical laminectomy, and myofascial pain syndrome of the cervical, thoracic, and lumbar spine, both conditions which he found to be "severe" within the meaning of the Regulations (Tr. 12). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 13). In doing so, the ALJ specifically considered listings 1.00 and 12.04 (Tr. 12-13). The ALJ determined at Step 4 that Plaintiff could not perform his past relevant work as a boilermaker during the period at issue (Tr. 15). However, the ALJ concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range light work, as

identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 16-17). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the sequential evaluation process (Tr. 16, 17).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 10, 2004 (Tr. 4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 6 and 9], and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B. Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly found that Plaintiff's physical condition did not meet or equal § 1.04a of the listing of impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (listings) prior to his date last insured; (2) the ALJ did not properly consider Plaintiff's subjective complaints of pain; and (3) the ALJ improperly relied on the vocational expert's answer to a hypothetical question because the ALJ failed to pose a complete hypothetical question to the VE.

**C. Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly found that Plaintiff's physical condition did not meet or equal § 1.04a of the listing of impairments in 20 C.F.R. Pt. 404, subpt. P, app. 1, prior to his date last insured (listings). In the hearing decision, the ALJ found that the Plaintiff suffers from

severe degenerative disc disease status-post neck injury/cervical laminectomy, and myofascial pain syndrome of the cervical, thoracic, and lumbar spine but concluded that "claimant did not meet any of the listings" or "equal any listed impairment." (Tr. 12-13). In doing so, the ALJ specifically considered listings 1.00 and 12.04.

Plaintiff claims, however, that he meets Listing 1.04a (Plaintiff's Motion, pp. 13-14), which provides as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg test (sitting and supine)....

20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.04, 1.04a. The Court finds Plaintiff's claim to be without merit.

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky), quoting *Maloney v. Commissioner*, 211 F.3d

1269, 2000 WL 420700 (6th Cir. 2000). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

Plaintiff "bears the burden of proof at step three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold, supra*, citing *Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* Plaintiff must present specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532 (1990). In addition, the impairment must be of a listing-level severity for a continuous period of at least twelve months. *See*, 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff contends that he meets Listing 1.04a. According to Plaintiff, the "narrowing of the cervical spine at the juncture of vertebrae C5-6" noted by Dr. Ahmet Ozturk would undoubtedly cause the nerve root compression required under the listing. (Plaintiff's Motion, 13). Plaintiff further maintains that the records of Dr. Ozturk and Dr. Mark Carter demonstrate the necessary pain and limited spinal movement required to satisfy the Listing (Plaintiff's Motion, p. 13),

and the "muscle spasm noted by Drs. Ozturk and Carter are [sic] certainly evidence of motor loss..." (Plaintiff's Motion, p. 14). Finally, Plaintiff appears to claim that he suffers sensory loss based on numbness and weakness in his right hand (Plaintiff's Motion, p. 14).

The Court disagrees. As specifically noted by the ALJ in his hearing decision, there is nothing in the evidence of record to show that Plaintiff had either nerve root compression or limitation in range of motion or motor loss, prior to his date last insured (Tr. 13). Neither Dr. Ozturk, Plaintiff's treating physician from November 11, 1993 until November 21, 1996 (Tr. 98-102, 109-144), nor any other treating physician or examining physician, ever opined that there was evidence of nerve root compression. Further, Dr. Ozturk's records reveal that Plaintiff had full range of motion in the neck (albeit with pain) and full range of motion in the lower extremities without pain (Tr. 101). Upon review of the record, the Court concludes that there is no evidence showing that Plaintiff's condition resulted in compromise of a nerve root or the spinal cord at any time relevant to the ALJ's decision.

While Plaintiff was diagnosed with myfascial pain syndrome, neck and back, status-post cervical laminectomy (Tr. 98-102), this diagnosis is insufficient to show that his condition was of the requisite severity to meet or equal Listing

1.04.. *See*, 20 C.F.R. § 404-1525(d) (stating that a diagnosis is not sufficient to satisfy a listing and that the other findings of the listing must be shown); *see also*, *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition.").

As Plaintiff fails to present specific medical findings establishing all of the elements of § 1.04a for a consecutive twelve month period, prior to his date last insured of December 31, 1995, the Court concludes that substantial evidence supports the ALJ's determination that Plaintiff did not meet or equal a Listed Impairment.

Plaintiff's second claim of error is that the ALJ did not properly consider Plaintiff's subjective complaints of pain. The Court disagrees. It is well-established that "[a]n individuals statements as to 'pain or other symptoms will not alone establish that [she is] disabled.'" *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997), quoting 20 C.F.R. § 404.1529(a). Rather, in reviewing the ALJ's decision, courts must employ "a two-prong test to evaluate a claimant's assertions of disabling pain." *Id.* First, courts must consider "whether there is objective medical evidence of an underlying medical condition." *Id.* If there is such evidence, "we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or

(2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain." *Id.*

In the instant case, the Plaintiff claims that he is unable to work due to degenerative disc disease status-post neck injury/cervical laminectomy, myofascial pain syndrome of the cervical, thoracic, and lumbar spine, and depression (Tr. 12). The ALJ determined that these impairments "are established by objective medical evidence and may reasonably result in the symptoms alleged" (Tr. 14). However, the ALJ declined to accept that such impairments are of the degree of severity alleged by Plaintiff (Tr. 14) and determined that Plaintiff retains the ability to perform certain light and sedentary exertional level unskilled jobs (Tr. 16, 17).

The Plaintiff contends that the ALJ did not properly consider the pain caused by his conditions because: (1) "Mr. Conley downplayed his depression at the hearing held in November 2003"; (2) the ALJ failed to consider the effect Plaintiff's depression "would have on his ability to maintain regular attendance at work, maintain persistence or pace, and follow through with work directives"; and (3) the ALJ exaggerates the Plaintiff's activities (Plaintiff's Motion, 14, 16).

Contrary to Plaintiff's assertions, the ALJ considered the medical evidence and testimony of record, and properly concluded that Plaintiff's allegations of constant pain in his neck and thoracic spine were excessive and not fully credible

(Tr. 15). It is well established that "[i]n evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Walters*, 127 F.3d 525, 531. An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Id.* In addition to judging credibility, the ALJ is charged with weighing the evidence before him. *Meyers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972).

In the instant case, based on the evidence of record and the Plaintiff's testimony, the ALJ found "claimant's credibility to be only fair." (Tr. 14). Despite Plaintiff's contentions to the contrary, the ALJ provided specific reasons for doubting Plaintiff's credibility (Tr. 14). While Plaintiff testified to constant pain in his neck and thoracic spine, he also admitted to engaging in various physical activities, including: driving, riding a four-wheeler, caring for his two dogs, tending to farm animals, walking 10 to 15 minutes three times a week on the treadmill, picking up after himself, playing cards, fishing (Tr. 14, 15, 265-66, 349-57). Plaintiff claims that the ALJ exaggerates the Plaintiff's activities as well as misquotes the Plaintiff and the record in this regard (Plaintiff's Motion, p. 16). However, the Court finds this contention to be without merit, as the ALJ's findings are corroborated by the record.

As noted *supra*, the ALJ is charged with weighing the evidence, and as such, the Court concludes that the ALJ was within his discretion in determining that Plaintiff's testimony concerning his physical activities belied his allegations of constant pain (Tr. 14-15). Thus, the Court finds that the ALJ's determination as to Plaintiff's credibility, which is entitled to deference, is supported by substantial evidence. In sum, the ALJ properly performed his duty as trier-of-fact in evaluating Plaintiff's subjective complaints of pain in light of the evidence of record.

Plaintiff's third claim of error is that the ALJ improperly relied on the vocational expert's answer to a hypothetical question because the ALJ failed to pose a complete hypothetical question to the VE (Plaintiff's Motion, p. 19). Specifically, Plaintiff asserts that the ALJ's hypothetical question should have accounted for Plaintiff's problems sitting and standing for lengthy periods of time, "inability to maintain regular attendance" (Plaintiff's Motion, p. 19), and "severe depression" (Plaintiff's Motion, p. 21). The Court finds this claim to be without merit.

The Administrative Law Judge may rely upon the Vocational Expert's answers to the hypothetical questions if substantial evidence supports the assumption included in the hypothetical question. *Hardaway v. Secretary of HHS*,

823 F.2d 922, 927-28 (1987). It is well settled that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1994). An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).

In the instant case, the ALJ posed hypothetical questions to the VE, which were based upon the ALJ's determination of the Plaintiff's RFC. Despite Plaintiff's representations to the contrary, the ALJ posed questions to the VE that accurately represented Plaintiff's abilities and limitations (Tr. 359). The ALJ even included a "sit-stand option" in his hypothetical questions to the VE (Tr. 359).

The ALJ was not required to include all of the restrictions alleged by Plaintiff. *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118-19 (6th Cir. 1994). To the contrary, the ALJ was only required to incorporate Plaintiff's credible limitations in posing hypothetical questions to the VE. The ALJ found Plaintiff's "credibility to be only fair" (Tr. 14). The ALJ's findings based on credibility are entitled to great deference. As Plaintiff failed to show that

he has additional mental or physical limitations on his ability to work or that his allegations of total disability were credible, the assumptions included in the ALJ's hypothetical questions to the VE were supported by substantial evidence.

Thus, the ALJ properly relied on the VE's response to the ALJ's hypothetical questions, which included all of Plaintiff's credible and substantiated limitations. The VE testified that Plaintiff was capable of performing a significant range of light and sedentary jobs in the national or regional economy (Tr. 16-17). Based on this testimony, the ALJ properly concluded that the Plaintiff could perform certain light and sedentary work, including work as a cashier, office manager, product inspector, night watchman, non-emergency dispatcher, and information clerk (Tr. 17). Accordingly, the Court concludes that the ALJ's finding that Plaintiff is not disabled at Step 5 of the sequential evaluation process (Tr. 18-19) is supported by substantial evidence.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22 day of August, 2005.

HENRY R. WILHOIT, JR.

SENIOR U. S. DISTRICT JUDGE